[No. 4062. Decided July 15, 1902.]

W. E. MANN, *Appellant,* v. B. F. O'NEIL, *Respondent.*

SUBSCRIPTION FOR SUBSIDY — ACTION ON CONTRACT — EVIDENCE.

In an action upon a subscription contract, the admission of parol evidence on the part of the obligor of the purposes of a meeting of the subscribers prior to its execution is not erroneous, where plaintiff has given his version of the meeting.

SAME.

In an action upon a subscription contract, the verdict of the jury in favor of defendant is warranted, where the evidence tends to show that a foreign corporation obtained subscriptions from defendant and other farmers as a subsidy for the erection of a beet sugar factory; that these subscriptions were placed in the hands of three of their number as trustees who were to retain same until assurances of the satisfactory construction of the factory, when they were to be turned over to the obligee or its

assigns; that correspondence between the corporation and the committee showed that it had abandoned the proposed factory prior to said assignment because of the fact that a foreign corporation could not hold land in this state; that one member of the committee, without consultation with the others, took said contracts from a safe where they were deposited and delivered them to an assignee of the foreign corporation; and that its assignee had duly constructed the factory within the time limited.

SAME — RIGHTS OF ASSIGNEE — INSTRUCTIONS.

In an action by an assignee upon a subscription contract given for the construction of a beet sugar factory, the court's refusal to charge the jury that if plaintiff advanced money which was used in carrying out the objects and purposes of the note and contract sued on, and in advancing the money relied upon said note for his repayment, they should find for plaintiff, was not error, where the evidence tended to show that his assignor had no rights under the contract by reason of its nonassignment to such assignor by the original obligee, and the court had fairly and fully covered the ground as to the rights of plaintiff's assignor in other instructions given.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge. Affirmed.

*Happy & Hindman,* for appellant.

*Frank T. Post,* for respondent.

The opinion of the court was delivered by

REAVIS, C. J.—Plaintiff brought this action to recover judgment upon the following written agreement:

$200.00.                    Waverly, Wash., May 5th, 1898.

On the first day of November, 1899, for value received, I promise to pay E. H. Morrison, James Hayes, and A. D. Thayer, or order, the sum of two hundred dollars, in consideration and upon condition that the Scoto-American Sugar Syndicate, Limited, of Glasgow, Scotland, or its assigns, shall by the first day of November, 1899, erect a factory for the manufacture of sugar from beets, having a minimum capacity of three hundred tons of

beets per day, at Waverly, in Spokane county, Washington.                                    B. F. O'NEIL."

The complaint, among other allegations, set forth:

"That during the months of April and May, 1898, the Scoto-American Sugar Syndicate, Limited, a corporation, of Glasgow, Scotland, entered into negotiations with the defendant and others, residents of Spokane county, Washington, such negotiations having for their purpose and object the erection by said corporation, or its assigns, of a beet sugar factory at Waverly, Washington, and that said negotiations were had for the purpose of ascertaining whether persons living at and in the vicinity of Waverly would subscribe to said corporation, or its assigns, sufficient land and money to warrant it in erecting said factory."

It further alleged that for the purpose of inducing said corporation or its assigns to erect such beet sugar factory at Waverly, the defendant made the above agreement and delivered the same to the parties therein named, as trustees, for the use and benefit of the said corporation or its assigns; that thereafter said corporation assigned said instrument to D. C. Corbin; and that Corbin, relying on the faith of this subscription, among others, erected at Waverly, before the first day of November, 1899, a beet sugar factory having a minimum capacity of 300 tons of beets per day; that thereafter Corbin assigned said instrument for value to the plaintiff, who is the owner thereof. The answer admits the execution of the instrument, and that Corbin erected the factory at Waverly, and denies all the other allegations of the complaint. The case was submitted to a jury, and the verdict was for defendant.

The errors assigned are upon the instructions given by the court, and upon the introduction of evidence, and it is also assigned that the verdict is contrary to, and

not supported by, the evidence. The objections to the evidence introduced by defendant were principally directed to a history of a meeting of farmers at Waverly, and its intention expressed in the appointment, by such meeting, of the committee whose names appear in the instrument executed by defendant; and to correspondence between Thayer, a member of the committee, and Mr. Stuart, the representative of the syndicate. It may be observed that plaintiff in his case had given his version of the meeting of the farmers, among whom was the defendant, and the purpose of the meeting. He had also introduced evidence tending to show the delivery to the syndicate of the obligation in suit, with others, and the assignment made by it to plaintiff. It thus seems that defendant's testimony tended properly to meet the proofs of plaintiff upon these issues. The rule seems to be fairly well settled that, until disbursements are made upon the faith of such subscriptions as these, they may be withdrawn by the subscribers. The evidence on the part of the defendant tended to show that the purpose of the meeting at Waverly was to raise subsidies in land to aid in the erection of a beet sugar factory at Waverly; that Mr. Stuart was the active representative of the foreign syndicate of promoters; and that the meeting concluded that a committee be appointed to solicit subscriptions and ascertain what quantity of land could be obtained, and also what amount of money could be raised in aid of the enterprise. The committee were to retain the written contracts signed by the subscribers until assurances of the construction of the factory were satisfactory, and then to deliver the same for use by the parties erecting the factory. The evidence of defendant also tends to show there was no delivery to the syndicate of the contracts in controversy. One member of the committee

took them from a safe where they were deposited, and, without consultation with the others, delivered them to Mr. Corbin as the assignee of the syndicate; and it is urged that the committee did not in fact make any assignment. The correspondence between Mr. Stuart, the representative of the foreign syndicate which was located at Glasgow, Scotland, and Mr. Thayer, of the committee, shows that the syndicate had abandoned the proposed factory. The only disbursements made by it were for expenses upon litigation instituted by it to ascertain whether a foreign corporation could hold title to land in this state. This correspondence was surely pertinent, as it was with the committee to whom was intrusted the subscriptions made to aid the enterprise, and such committee might then conclude that the obligation was terminated. Certainly such evidence tends to support the denial of defendant that any delivery or assignment of the subscriptions to the syndicate was in fact made. The right of Corbin, and subsequently of the plaintiff, depends on the delivery of the contract and the reliance thereon of the syndicate.

Plaintiff requested the following instruction which was refused:

"I instruct you, if you find from the testimony that plaintiff herein advanced money which was used in carrying out the objects and purposes of the note and contract sued on herein, and, in advancing the money, relied upon said note for his repayment, then you must find for the plaintiff."

Plaintiff's testimony tended to prove that he had advanced some money for a right of way for a short railway connection to the factory, for which advance Corbin had assigned the instrument in question, with others, to plaintiff. But it is apparent that plaintiff

has only the rights of his assignor. The court, in substance, charged that if defendant executed the subscription for the purpose of inducing the syndicate to erect the factory, and Corbin thereafter built the factory in pursuance thereof, and the syndicate had assigned the contract to him, and he relied upon the contract and assigned the same to plaintiff, the plaintiff must recover, unless it should be further found that the sugar syndicate abandoned the enterprise, and the subscriptions were withdrawn, or that Corbin, of his own volition, built the factory, without reliance on the subscriptions. The instructions, considered all together, are as favorable to the plaintiff as the issues and the evidence authorized. It does not appear that the sugar syndicate did anything further in the promotion of the enterprise than to test the right of a foreign corporation to acquire and hold lands in this state. It is apparent that the sugar syndicate, as a foreign corporation, could make no valid contract to acquire lands in this state, and, when this was ascertained, the promoters abandoned the enterprise, and, as has been seen, their representative, Mr. Stuart, so informed Mr. Thayer, of the committee named in the contract. The good faith of the assignment was a question for the jury. The court instructed upon this point that, so long as the syndicate was carrying out its proposal and the objects of the subscribers to build the factory, and the assignment was taken in good faith by Corbin, and Corbin fulfilled the contract in reliance upon the subscription, the plaintiff should recover.

Other minor errors discussed are deemed immaterial in view of the conclusion that the case was correctly submitted to the jury. Affirmed.

ANDERS, MOUNT, HADLEY, FULLERTON and DUNBAR, JJ., concur.